UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

GREEN OAK STOCKADE VIEW
APARTMENTS, LLC,

                              Appellant,

        -against-                                      1:17-CV-0615 (LEK)

NATIONAL BANK OF COXSACKIE,
*et al.*,

                              Appellees.

_____

## DECISION AND ORDER

Appellant Green Oak Stockade View Apartments, LLC appeals a decision by the

Honorable Robert E. Littlefield, Jr., U.S. Bankruptcy Judge, granting appellee National Bank of

Coxsackie's motion for relief from an automatic bankruptcy stay pursuant to 11 U.S.C. § 362(d).

Dkt. Nos. 1 ("Appeal"), 2 ("Record Volume 1"), 8 ("Record Volume 2"), 9 ("Record

Volume 3"). Presently before the Court is National Bank's motion to dismiss the Appeal for lack

of subject matter jurisdiction. Dkt. Nos. 10 ("Motion"), 11-6 ("Memorandum"). For the reasons

that follow, the Motion is granted.

## I.    BACKGROUND

Green Oak is a single asset real estate company which previously owned the Stockade

View Apartments in Schenectady, New York. Dkt. No. 8-1 at 1.[1] In March 2014, National Bank

issued a mortgage loan to Green Oak, which was secured, in part, by the Apartments. Id. at 2.

_____

[1] Citations to this document refer to the page numbers generated by the Court's electronic
filing system ("ECF").

National Bank eventually commenced a foreclosure proceeding against Green Oak in New York State Supreme Court, Schenectady County in March 2016. Id.

On November 30, 2016, Green Oak filed a voluntary petition for Chapter 11 bankruptcy in this District. R. vol. 1 at 1. As a result, the state foreclosure proceeding was automatically stayed pursuant to § 362(a). Id. at 11. On March 1, 2017, National Bank moved for relief from the automatic stay pursuant to § 362(d), id., which Judge Littlefield granted on May 18, 2017, id. at 11–12 ("Order"). Green Oak filed a timely notice of appeal of Judge Littlefield's Order on June 6, 2017, Appeal, but did not seek a stay of the Order pending its appeal, Mem. at 1.[2] National Bank sold the Apartments at a foreclosure auction to a good faith purchaser on June 22, 2017, Id.; Dkt. No. 14 ("Opposition") at 1–2,[3] and now argues that the Appeal should be dismissed as moot. Mem. at 3–5.

## II.    LEGAL STANDARD

A fundamental predicate to judgment in the federal courts is the existence of subject matter jurisdiction. "Dismissal of a case for lack of subject matter jurisdiction . . . is proper 'when the district court lacks the statutory or constitutional power to adjudicate it.'" Ford v. D.C. 37 Union Local 1549, 579 F.3d 187, 188 (2d Cir. 2009) (per curiam) (quoting Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000)). A lack of subject matter jurisdiction cannot be waived, and may be raised by motion or sua sponte at any time. Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 107–08 (2d Cir. 1997). "Under Article III of the U.S. Constitution, '[w]hen a case becomes moot, the federal courts lack subject matter

---

[2]  Citations to this document refer to the page numbers generated by ECF.

[3]  Citations to this document refer to the page numbers generated by ECF.

jurisdiction over the action.'" Doyle v. Midland Credit Mgmt., Inc., 722 F.3d 78, 80 (2d Cir. 2013) (alterations in original) (quoting Fox v. Bd. of Trs. of State Univ. of N.Y., 42 F.3d 135, 140 (2d Cir. 1994)).

### III.    DISCUSSION

National Bank argues that the Appeal is moot because the Apartments have been sold to a good faith buyer and thus the Court "is unable to grant [Green Oak] the relief sought." Mem. at 2. Even if the Court were to reverse the Order, National Bank argues, reinstating the automatic stay as to the Apartments would have no effect because Green Oak's interest in the property has been extinguished. Id. at 2–3. Green Oak urges the Court to deny the Motion because it "is presently moving to vacate the judicial sale in State Court due to [National Bank's] failure to deliver proper service of the notice of sale as provided under relevant state law." Opp'n at 3.

In its reply, National Bank argues that the Court should disregard Green Oak's Opposition because it is untimely. Dkt. No. 15 ("Reply") at 1–2. Under the Local Rules of this District, a party opposing a dispositive motion must file its opposition papers no less than seventeen days prior to the return date of the motion. L.R. 7.1(b)(1). National Bank filed its Motion on October 2, 2017, with a return date of November 3, 2017. Mot. Thus, Green Oak's response was due on October 17, 2017. Green Oak filed its Opposition on October 27, 2017, ten days after its deadline. Pursuant to Local Rule 7.1(b)(3), the Court "shall not consider any papers . . . that are not timely filed or are otherwise not in compliance with this Rule unless good cause is shown." "Where a properly filed motion is unopposed and the Court determines that the moving party has met its burden to demonstrate entitlement to the relief requested therein, the non-moving party's failure to file or serve any papers as this Rule requires shall be deemed as

consent to the granting or denial of the motion, as the case may be, unless good cause is shown."
L.R. 7.1(b)(3). Green Oak has neither acknowledged nor explained its tardiness, much less
shown good cause. Therefore, pursuant to Local Rule 7.1(b)(3), the Court deems the Motion to
be unopposed.

National Bank has demonstrated that it is entitled to dismissal because the Court lacks
subject matter jurisdiction. "Courts have uniformly held that if a debtor fails to obtain a stay of a
sale of properties, appeal of an order authorizing the sale is rendered moot and must be dismissed
once the sale to good faith purchasers has taken place and has been approved." In re Baker, 339
B.R. 298, 303 (E.D.N.Y. 2005) (collecting cases); see also In re Gucci, 105 F.3d 837, 840 (2d
Cir. 1997) ("[R]egardless of the merit of an appellant's challenge to a sale order, we may neither
reverse nor modify the judicially-authorized sale if the entity that purchased or leased the
property did so in good faith and if no stay was granted."); Tornheim v. Source One Mortg.
Servs. Corp., No. 96-5081, 1997 WL 85844, *1 (2d Cir. Feb. 20, 1997) ("When the appellant has
failed to obtain a stay pending appeal, the foreclosure and resale of the property renders moot any
appeal from an order lifting an automatic stay issued under 11 U.S.C. § 362(d)."). The rule
applies with equal force when a debtor's timely motion to stay a judicially-authorized sale is
denied, Gucci, 105 F.3d at 840, or the debtor "believes the sale has been wrongly authorized," In
re Baker, 339 B.R. at 303 (citing In re Stadium Mgmt. Corp., 895 F.2d 845, 849 (1st Cir. 1990)).
Green Oak's Appeal is moot because it failed to obtain a stay of the Order, and the Apartments
have been sold to a good faith purchaser. Therefore, the Court lacks jurisdiction and the Appeal
must be dismissed.

Even if the Court were to consider Green Oak's Opposition, its argument against dismissal lacks merit. Green Oak claims that the foreclosure sale violated state law because it did not receive proper notice of the sale. Opp'n at 3–6. It further argues that the Court should deny the Motion because a state court could vacate the sale. Id. It does not appear that Green Oak has actually sought to invalidate the sale. In the attorney affirmation submitted in opposition to the Motion, Green Oak's counsel states that he "*intends* on moving the Schenectady County Supreme Court to set aside the judicial sale for failure to satisfy due process" and that Green Oak has "notified Appellee of *its intention* to move for said relief." Dkt. No. 13 ("Rock Affirmation") ¶¶ 14–15 (emphasis added); see also Reply at 2 ("[Green Oak] claims that it intends to file a motion seeking to set aside the sale in the state-court foreclosure action; however no such motion has been filed to date, even though the sale occured on June 22, 2017."). Assuming the foreclosure sale did violate state law, Green Oak points to no case to support its belief that the Court has subject matter jurisdiction over a mooted case if a hypothetical future state court proceeding could revive the underlying dispute. The Court is unaware of any authority to support Green Oak's position, which defies the weight of mootness authority. Ultimately, even if "the sale . . . [was] wrongly authorized," In re Baker, 339 B.R. at 303, the case remains moot and the Court lacks jurisdiction. Thus, the Appeal must be dismissed as moot.

IV.    **CONCLUSION**

Accordingly, it is hereby:

**ORDERED**, that National Bank's Motion (Dkt. No. 10) is **GRANTED**; and it is further

**ORDERED**, that the Appeal (Dkt. No. 1) is **DENIED and DISMISSED**; and it is further

5

**ORDERED**, that the Clerk of the Court is instructed to close this case; and it is further

**ORDERED**, that the Clerk serve a copy of this Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:     March 29, 2018
           Albany, New York


Lawrence E. Kahn
U.S. District Judge